UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
MAR 0 3 2016
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

JOSEPH PIPER,

               Plaintiff,

     v.

CITY OF ELMIRA, ELMIRA CITY POLICE
DEPARTMENT, SCOTT DRAKE, III,
CHRISTOPHER P. OSIECKI, and JACOB V.
ALLARD,

               Defendants.

**DECISION AND ORDER**

6:13-CV-6651 EAW

On January 25, 2016, the Court entered an Order to Show Cause why this action should not be dismissed for failure to prosecute. (Dkt. 24). The Court ordered that a written response be filed no later than February 25, 2016. (*Id.*). Plaintiff failed to file any response or to contact the Court in any fashion. For the reasons set forth below, this action is dismissed.

## BACKGROUND

Plaintiff filed his Complaint on December 11, 2013, alleging that Defendants violated his Constitutional rights during the course of a vehicle stop on or about January 1, 2009. (Dkt. 1). The matter was transferred to the undersigned on January 12, 2015. (Dkt. 13). Discovery closed on August 17, 2015. (Dkt. 18). Pursuant to an order entered on September 15, 2015, Defendants' deadline to filed a dispositive motion was extended to September 25, 2015. (Dkt. 19). Defendants filed a motion for summary judgment on

September 25, 2015. (Dkt. 20, 21).[1] The Court entered a scheduling order providing that responses were to be filed on or before November 6, 2015. (Dkt. 22). Plaintiff did not file any opposition to Defendants' motion. The Court then entered an order directing the parties to appear for oral argument on January 21, 2016. (Dkt. 23). Defendants' counsel traveled the approximately 105 mile distance from Elmira, New York, to the courthouse in Rochester, New York, for oral argument. Plaintiff's counsel, who is located in Rochester, failed to appear and the Court's staff was unable to reach him at his office. Plaintiff's counsel has not, to date, communicated with the Court with respect to the failure to appear as ordered.

As noted above, upon Plaintiff's failure to oppose the pending summary judgment motion and his counsel's failure to appear at oral argument, on January 25, 2016, the Court entered an Order to Show Cause why this action should not be dismissed for failure to prosecute and ordered that a written response be filed no later than February 25, 2016. (Dkt. 24). Plaintiff failed to respond in any fashion to the Order to Show Cause.

## DISCUSSION

"A district court may *sua sponte* dismiss a complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for . . . failure to prosecute." *Lopez v. Smurfit-Stone Container Enter., Inc.*, 289 F.R.D. 103, 104 (W.D.N.Y. 2013) (quotation omitted). Rule 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order. . . ." Fed. R. Civ. P. 41(b). "Although Rule

---

[1]    Due to a filing error, the motion was refiled on October 6, 2015, and now appears at Docket No. 21.

41(b) does not define what constitutes a 'failure to prosecute,' the Second Circuit Court of Appeals has stated that such failure 'can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics.'" *Rivera v. Fisher*, No. 09-CV-00552A(F), 2013 WL 3989457, at *3 (W.D.N.Y. Aug. 2, 2013) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)). "While a harsh remedy, the rule is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Lewis v. Livingston Cty.*, No. 6:12-CV-6111 EAW, 2016 WL 182909, at *3 (W.D.N.Y. Jan. 12, 2016) (quotation omitted).

Before dismissing a case pursuant to Rule 41(b), the district court must weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quotation omitted). "Generally, no single factor in the analysis is dispositive." *Id.* Here, consideration of these five factors supports dismissal.

With regard to the first factor, the Court should consider "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001). Here, Plaintiff's noncompliance with Court orders began roughly four months ago. In addition, based on

a review of the docket, it appears that Plaintiff's counsel has failed to respond to Defendants' counsel's inquiries for at least seven months.  (Dkt. 18, 19).  Plaintiff's failure to prosecute has resulted in a multiple-month delay of this matter, which is sufficient to justify dismissal for failure to prosecute.  *See Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (affirming dismissal for failure to prosecute where, *inter alia*, the plaintiff caused a "'delay of significant duration' in th[e] litigation, as the proceedings ground to a halt for over seven months as a result of his inaction. . . ."); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (upholding dismissal where the plaintiff caused six-month delay); *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (finding that a delay in prosecuting the action for seven months "weigh[ed] heavily in favor of dismissal.").

Moreover, Plaintiff was on notice that continued failure to prosecute would result in dismissal.  The Court's Order to Show Cause stated in bold, underlined text that "**Failure to comply with this Order will result in the dismissal of this action**."  (Dkt. 24 at 2).

With regard to the third factor, due to Plaintiff's failure to take any action to move the case forward, the case has been unnecessarily delayed since Defendants served their motion for summary judgment.  There is no indication that Plaintiff intends to participate in this case in the future, and the docket in this matter indicates that Plaintiff has not taken any affirmative action with respect to this matter since June 2015.  *See Crawn v. Town of Wallkill*, No. 07 Civ. 1032 (GAY), 2013 WL 3227216, at *2 (S.D.N.Y. June 26, 2013) ("[A] failure to dismiss would likely leave the case pending for an indefinite time

into the future, or at least until plaintiff changed his mind or the court lost patience.") (citation omitted); *see also Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993) ("prejudice resulting from unreasonable delay may be presumed as a matter of law. . . ."). Plaintiff has been given multiple opportunities to continue to pursue this case and has failed to do so.

The Court has considered the fourth factor, and balanced its own interest in managing its docket against Plaintiff's interest in receiving an opportunity to be heard. Plaintiff was afforded an opportunity to explain his failure to prosecute, and why his action should be permitted to proceed. Similarly, Plaintiff was given repeated opportunities to voice his position concerning Defendants' summary judgment motion.[2] Plaintiff did not avail himself of these opportunities. It "is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." *Crawn*, 2013 WL 3227216, at *2 (citation omitted).

Finally, as to the fifth factor, since Plaintiff has repeatedly failed to comply with this Court's Orders, there is no less drastic sanction that could be imposed that would be effective under the circumstances. *See Karpio v. Bernzomatic Corp.*, No. 12-CV-699S, 2015 WL 1808605, at *4 (W.D.N.Y. Apr. 21, 2015) ("Upon reviewing the entire record, it is this Court's opinion that Plaintiff has no intention of complying with this Court's

---

[2]     The Court is cognizant that it may not grant Defendants' motion based solely on Plaintiff's failure to oppose. *See Vermont, Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) ("[T]he failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the district court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law.").

Orders or properly litigating this case.  Plaintiff and his attorney have repeatedly ignored directives by failing to appear in court, failing to file responses as directed, and failing to meet mediation and discovery obligations.  Given the history of this case, this Court finds that any sanction short of dismissal would be ineffective.).  The Court notes that this case is unable to proceed absent Plaintiff's participation, given its procedural posture.

## CONCLUSION

For the reasons set forth above, this action is dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk of Court is directed to close the case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: March 3, 2016
        Rochester, New York